## HCSC–LAUNDRY

v.

## UNITED STATES of America.

### Civ. A. No. 78–1409.

United States District Court,
E. D. Pennsylvania.

July 10, 1979.

---

Norman A. Peil, Jr., Easton, Pa., for plaintiff.

J. H. Johnson, Trial Atty., U. S. Dept. Justice, Washington, D.C., Joseph M. Gontram, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Plaintiff Hospital Central Services, Inc. is claiming a refund for federal income taxes paid for plaintiff's fiscal year ending June 30, 1976, in the amount of $10,395.00. Plaintiff is a nonprofit corporation under Pennsylvania law and its sole activity is providing laundry and linen services to fifteen member nonprofit hospitals in southeastern Pennsylvania and to a nonprofit volunteer ambulance service. The issue is whether plaintiff, in furnishing this service, is exempt from taxation under Section 501(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 501(a) as an organization described in 26 U.S.C. § 501(c)(3).

Both sides have moved for summary judgment. The following facts have been stipulated. Plaintiff was incorporated on January 3, 1967, as a nonprofit corporation under the Pennsylvania Nonprofit Corporation Law, adopted May 5, 1933. (Stipulation of Facts, ¶ 1.) Its principal office is located at 2171 28th Street, S.W., Allentown, Pennsylvania. (¶ 2). Plaintiff's purpose is set forth in paragraph 4 of the Articles of Incorporation as amended May 29, 1970:

"A. To operate and maintain a hospital laundry and linen supply program for those public hospitals and nonprofit hospitals or related health facilities organized and operated exclusively for religious, charitable, scientific, or educational purposes that contract with this corporation.

B. To cooperate with the Greater Lehigh Valley Hospital and Health Planning Council in carrying out the foregoing purposes.

C. To accomplish the foregoing purposes in a manner consistent with the provisions of Section 501(c)(3) of the Internal Revenue Code of 1954". (¶ 1, Exhibit A.)

On March 26, 1976, plaintiff filed an Application for Recognition of Exemption (Internal Revenue Service Form 1023) seeking exemption from federal income tax under Section 501(c)(3) of the Internal Revenue Code. (¶ 4.)` Under date of June 21, 1976, said application was rejected for the reason that "Since laundry services are not one of the services specified in Section 501(e)(1)(A), the organization does not meet the requirements of Section 501(e) of the Code, and thus is not exempt from Federal Income Tax under Section 501(c)(3). See Rev.Rul. 69–160 C.B.1969–1, 147. Also see Rev.Rul. 69–663." (¶ 5.) Plaintiff filed its federal corporation income tax return (form 1120) for its fiscal year ended June 30, 1976, with the Internal Revenue Service Center at Philadelphia, Pennsylvania, on December 16, 1976. Said return indicated taxable income of $123,521.00 on which federal income tax of $10,395.00 was paid by plaintiff on December 16, 1976. (¶ 6.) On January 19, 1977, plaintiff filed with the Internal Revenue Service a Claim for Refund for overpaid federal income tax for its fiscal year ended June 30, 1976, in the amount of $10,395.00. (¶ 7.) The Internal Revenue Service has informally advised plaintiff that this claim will be rejected but plaintiff has received no formal notice of claim disallowance.

Plaintiff provides laundry and linen services to fifteen nonprofit hospitals located in the Greater Lehigh Valley, Reading, Scranton and suburban Philadelphia, Pennsylvania, areas, and to the Cetronia Ambulance Corps serving the Village of Cetronia, Pennsylvania. All of the hospitals served and the ambulance corps have received federal income tax exemptions under Section 501(c)(3) of the Internal Revenue Code. (¶ 9.) In order to discharge its purposes, a hospital requires reliable and quality laundry and linen services. (§ 10.)

Other stipulations state that plaintiff constructed its plant to serve hospitals, some of which had in-plant facilities (¶ 19); that plaintiff meets sanitary and quality standards for hospital linens (¶ 21); the Lehigh Valley Hospital and Health Planning Council (the Council) concluded that plaintiff's shared approach to laundry service allows for more economical processing than in-plant processing (¶ 16) and the Council concluded that better quality service would be supplied in this fashion (¶ 25); all funds paid by member hospitals in excess of cost are placed in a fund for acquisition and replacement of equipment (¶ 27); plaintiff has never made a distribution of money or property nor have any net earnings inured to the benefit of any member or individual (¶ 29).

The Government contends that plaintiff is not an exempt organization for two reasons. First, it is not a cooperative hospital service as defined in § 501(e), and because the Congress specifically intended to leave shared laundry service out of § 501(e), it follows that plaintiff is also not exempt under § 501(c)(3).[1] The Government also

1. § 501 provides in pertinent part:

"§ 501. Exemption from tax on corporations, certain trusts, etc.

(a) Exemption from taxation.—An organization described in subsection (c) or (d) or section 401(a) shall be exempt from taxation under this subtitle unless such exemption is denied under section 502 or 503.

\* \* \* \* \* \*

(c) List of exempt organizations.—The following organizations are referred to in subsection (a):

\* \* \* \* \* \*

(3) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes, or to foster national or international amateur sports competition (but only if no part of its activities involve the provision of athletic facilities or equipment), or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation (except as otherwise provided in subsection (h)), and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of any candidate for public office.

\* \* \* \* \* \*

(e) Cooperative hospital, service organizations.—For purposes of their title, an organization shall be treated as an organization

contends that plaintiff is a feeder organization as defined in § 502(a)[2] and thus is not an exempt organization.

Both of these contentions have been rejected by every Court that has ever considered them. See *United Hospital Services, Inc. v. United States,* 384 F.Supp. 776 (D.Ind.1974); *Metropolitan Detroit Area Hospital Services, Inc. v. United States,* 445 F.Supp. 857 (E.D.Mich.1978); *Northern California Central Services, Inc. v. United States,* 591 F.2d 620 (Ct.Claims, 1979); *Community Hospital Services, Inc. v. United States,* 43 AFTR 2d 79–931 (E.D.Mich. 1979); *Hospital Central Services Association v. United States,* 40 AFTR 2d 77–5642 (W.D.Wash.1977).[3] While it is true that Congress did consider shared hospital services and expressly decline to include them in § 501(e)'s list of exempted activities, the courts have not held that such an exclusion had any application to the exemption of shared laundry service under § 501(c)(3). As Judge Dillin observed in the leading *United Hospital Services* case, the addition of § 501(e) to the Code did not exclude plaintiff in that case from consideration as a § 501(c)(3) charitable organization on its own merits. The purpose of § 501(e) was to enlarge the category of charitable organizations exempt under § 501(c)(3), not to modify or narrow § 501(c)(3). Thus, it is improper to consider the addition of § 501(e) as causing to be excluded from § 501(c)(3) any organization that would have been included in § 501(c)(3) but for § 501(e), even if such organization was explicitly excluded from § 501(e) itself. "[This] latter section [§ 501(c)(3)] was not modified by the legislature in any way, and the legislation does not purport to take away charitable status from a corporation which had already acquired it. Insofar as this case is concerned, Section 501(e) is irrelevant". *United Hospital Services, Inc. v. United States, supra,* at p. 781.

Likewise, the Court of Claims, in considering this issue in *Northern California Central Services, Inc. v. United States, su-*

organized and operated exclusively for charitable purposes, if—
(1) such organization is organized and operated solely—
(A) to perform, on a centralized basis, one or more of the following services which, if performed on its own behalf by a hospital which is an organization described in subsection (c)(3) and exempt from taxation under subsection (a), would constitute activities in exercising or performing the purpose or function constituting the basis for its exemption: data processing, purchasing, warehousing, billing and collection, food, clinical, industrial engineering, laboratory, printing, communications, record center, and personnel (including selection, testing, training, and education of personnel) services; and
(B) to perform such services solely for two or more hospitals each of which is—
(i) an organization described in subsection (c)(3) which is exempt from taxation under subsection (a).
(ii) a constituent part of an organization described in subsection (c)(3) which is exempt from taxation under subsection (a) and which, if organized and operated as a separate entity, would constitute an organization described in subsection (c)(3), or
(iii) owned and operated by the United States, a State, the District of Columbia, or a possession of the United States, or a political subdivision or an agency or instrumentality of any of the foregoing;
(2) such organization is organized and operated on a cooperative basis and allocates or pays, within 8½ months after the close of its taxable year, all net earnings to patrons on the basis of services performed for them; and
(3) if such organization has capital stock, all of such stock outstanding is owned by its patrons.
For purposes of this title, any organization which, by reason of the preceding sentence, is an organization described in subsection (c)(3) and exempt from taxation under subsection (a), shall be treated as a hospital and as an organization referred to in section 170(b)(1)(A)(iii).

2. § 502(a) provides:
§ 502. Feeder organizations
(a) General rule.—An organization operated for the primary purpose of carrying on a trade or business for profit shall not be exempt from taxation under section 501 on the ground that all of its profits are payable to one or more organizations exempt from taxation under section 501.

3. There is no authority on this issue at this time from any of the Courts of Appeals of any of the Circuits, but appeals are currently pending in the Sixth and Ninth Circuits.

*pra,* observed that it had held a cooperative hospital purchasing organization was exempt under § 501(c)(3) in *Hospital Bureau of Standards and Supplies v. United States,* 158 F.Supp. 560, 141 Ct.Cl. 91 (1958). During subsequent legislative sessions members of Congress referred to that decision as a "leading case" indicating that the Congress was well aware of the decision; no effort was made however, to alter the *Hospital Bureau of Standards'* interpretation of § 501(c)(3), or to limit its applicability to exclude shared laundry services, during the legislative considerations that led to passage of § 501(e), which provision did explicitly exclude shared laundry services from its—§ 501(e)'s—list of exempt service organizations. Thus, the *Hospital Bureau of Standards* interpretation of § 501(c)(3) remained intact, even though Congress wrote other law to take care of IRS decisions of which Congress disapproved.

There is no inherent contradiction in holding that shared laundry service may be exempt from tax under § 501(c)(3) even though such service was explicitly denied an exemption under § 501(e). In declining to include shared laundry service within the express exemption provisions of § 501(e) Congress was merely declining to become embroiled in a very sensitive issue. As the Court of Claims noted, commercial laundries were vehemently opposed to such tax exemption, and faced with such a heated controversy, it appears that the Congress, deciding it was not at that time sufficiently informed to decide the issue, left such a matter to the courts, by leaving such services out of § 501(e), yet leaving § 501(c)(3) unaffected.

■ Having decided that the absence of an express § 501(e) exemption does not automatically bar exemption under § 501(c)(3), we must decide if exemption under § 501(c)(3) is proper. We conclude that plaintiff is a charitable organization. Membership in plaintiff's organization is limited to public or non-profit hospitals, which hospitals themselves are charitable organizations. Net earnings by plaintiff, in excess of costs and funds for necessary reserves, are allocated to member hospitals in proportion to respective quantity or value of business done with each member hospital for the year giving rise to such earnings. (Stipulation Exhibit A, By-Laws, Article XI, Section 1.) It is undisputable that a hospital cannot discharge its purposes without reliable and quality laundry and linen services, which service must meet standards particular to hospital situations. Therefore, plaintiff undisputedly performs an integral and necessary function of charitable organizations, and we conclude that plaintiff is a charitable organization. This conclusion is consistent with the unanimous decisions of the courts that have considered this issue. See *United Hospital Services, Inc. v. United States, supra; Metropolitan Detroit Area Hospital Services, Inc. v. United States, supra; Northern California Central Services, Inc. v. United States, supra; Community Hospital Services, Inc. v. United States, supra; Hospital Central Services Association v. United States, supra.*

■ The Government has also contended that plaintiff is a "feeder" organization, and is not entitled to a charitable exemption because of the provisions of § 502(a). However, we conclude that the provision does not apply. That provision applies only to a profit-making enterprise which pays its profits to one or more charitable organizations. In this case, plaintiff is not a profit-making enterprise at all, but a non-profit enterprise wholly controlled by charitable organizations "in order to effect economies in their own operations". See *United Hospital Services, Inc. v. United States, supra,* at p. 782. Also, the applicable Treasury Regulation on Income Tax, 26 C.F.R. § 1.502–1, *Feeder Organizations,* provides as follows in pertinent part:

"(b) If a subsidiary organization of a tax-exempt organization would itself be exempt on the ground that its activities are an integral part of the exempt activities of the parent organization, its exemption will not be lost because, as a matter of accounting between the two organizations, the subsidiary derives a profit from its dealings with its parent

organization, for example, a subsidiary organization which is operated for the sole purpose of furnishing electric power used by its parent organization, a tax-exempt educational organization, in carrying on its educational activities. However, the subsidiary organization is not exempt from tax if it is operated for the primary purpose of carrying on a trade or business which would be an unrelated trade or business (that is, unrelated to exempt activities) if regularly carried on by the parent organization. For example, if a subsidiary organization is operated primarily for the purpose of furnishing electric power to consumers other than its parent organization (and the parent's tax-exempt subsidiary organizations), it is not exempt since such business would be an unrelated trade or business if regularly carried on by the parent organization. Similarly, if the organization is owned by several unrelated exempt organizations, and is operated for the purpose of furnishing electric power to each of them, it is not exempt since such business would be an unrelated trade or business if regularly carried on by any one of the tax-exempt organizations. * * * "

In this case, the purpose of the plaintiff is an integral part of the exempt activities of the parent organization—laundry is an integral part of the functions of a hospital. Thus, we conclude that plaintiff is not a feeder organization and is, therefore, entitled to exemption.

In conclusion, we find that plaintiff is not barred from exemption because its activities were not expressly exempted from taxation under § 501(e), that plaintiff is an exempt organization under § 501(c)(3) and that the provisions of § 502(a) do not apply to plaintiff. Accordingly, we will grant plaintiff's motion for summary judgment, and deny defendant's motion for summary judgment. Our findings, conclusions and the result thus reached are consistent with the concern and the desires of the Government to curb rising hospital costs. A different result would directly affect such costs to the detriment of the elderly and others dependent upon continued hospital services.